IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CARL WAMPLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:14-CV-070-BL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Carl Wampler (Claimant) seeks judicial review of the decision of the Commissioner of Social Security (Commissioner), who denied his application for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). The United States District Judge transferred the case to this court pursuant to 28 U.S.C. § 636(c). (Doc. 4). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, this court recommends the decision of the Commissioner be affirmed and this case be dismissed.

## I. STATEMENT OF THE CASE

Claimant protectively filed his claim for DIB and SSI on December 20, 2011. Tr. 11. His claim was denied initially on March 7, 2012, and again upon reconsideration on June 22, 2012. *Id.* On February 13, 2013, an Administrative Law Judge (ALJ) held a hearing at which Claimant testified. *Id.* at 23–39. In a written decision dated March 26, 2013, the ALJ determined that Claimant was not disabled under the Act. *Id.* at 11–19.

Specifically, the ALJ decided: Claimant had not engaged in substantial gainful activity since his alleged onset date of September 15, 2008; Claimant had several severe impairments, including back problems and curvature of the spine, hip pain, deafness in his right ear, obesity, and mild to moderate sleep problems; and Claimant did not have an impairment or combination of impairments that met or medically equaled the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ also determined that Claimant had the following residual functional capacity (RFC): "[T]he claimant has the [RFC] to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant can occasionally climb, stoop, crouch and crawl. The claimant has a hearing deficit in the ear but can hear normal conversation." Tr. 14.

Finally, the ALJ determined that while Claimant could not perform his past relevant work, considering his age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could perform. *Id.* at 18–19.

Accordingly, the ALJ determined that Claimant was not disabled under the Act, and denied his application for DIB and SSI. The Appeals Council denied review on February 26, 2014. *Id.* at 1–6. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

Claimant was born in 1969 and was forty-four years old at the time of his administrative hearing. Tr. 26. He completed the eighth grade in school and has spent basically his whole work life on oil rigs. *Id.* at 26, 29. A couple of accidents have caused Claimant's impairments. In 1987,

Claimant sustained a head injury and lost hearing in his right ear. *Id.* at 31. In 2001, Claimant fell roughly thirty feet off an oil rig and broke his back. Pl.'s Br. 2. He never underwent corrective back surgery, and now suffers from persisting back and hip pain. Tr. 27–28. Though he suffers from other impairments, of relevance to review in this court is Claimant's back and hip pain. Claimant believes the ALJ's decision that Claimant's hip and back pain were not disabling was error.

### III. STANDARD OF REVIEW

A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)–(b) (2013).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *accord* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before

proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452).

### IV. DISCUSSION

Claimant contests both the ALJ's RFC analysis and the ALJ's credibility analysis. The court addresses these issues in turn.

### A. RFC

RFC is the most a claimant can do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In determining RFC, the ALJ considers all the relevant evidence in the case

record, including objective medical evidence and Claimant's own subjective testimony. *See, e.g.,* Social Security Ruling (SSR) 96-7P, 96-8P. "[T]he task of weighing the evidence is the province of the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001); *accord Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) ("[T]he ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly.") (internal quotation marks omitted). Generally speaking, the opinions of treating physicians are given more weight than those of examining physicians, and examining physicians are given more weight than reviewing physicians. *See generally Newton*, 209 F.3d at 455–56; *Spellman v. Shalala*, 1 F.3d 357, 365 (5th Cir. 1993).

An examining physician, Charles Cohn, M.D., examined Claimant and opined that "claimant has mild limitations with standing and walking due to lower back pain. The claimant does not need an assistive device with regards to short and long distances and uneven terrain." Tr. 249. Dr. Cohn did not opine that Claimant was limited to a certain number of hours standing in an eight-hour work day. *Id.* It is true as Claimant suggests that the ALJ mentioned a non-examining physician (a physician who reviews the paper record), Betty Santiago, M.D., who opined that Claimant was limited to standing two hours per eight-hour workday. Tr. 17. But Dr. Santiago also opined that Claimant's allegations were not wholly supported by the objective medical evidence in the record. Tr. 260. In any event, Dr. Cohn was an examining physician to whom the ALJ could well accord greater deference than Dr. Santiago, a mere reviewing physician. *See, e.g., Chambliss*, 269 F.3d at 523; *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (allowing the ALJ to reject the opinion of even a treating physician in particular circumstances). The ALJ did not err in so doing.

## B. CREDIBILITY

Claimant alleges that while the ALJ referenced the appropriate regulations and summarized the medical evidence, the ALJ did not "affirmatively link any of the factors [in the regulations] to specific evidence." Pl.'s Br. 4. Claimant alleges, therefore, that the ALJ's credibility analysis was fatally flawed. The Commissioner refutes this allegation, stating the ALJ considered all the appropriate evidence, applied it as required, and gave specific reasons for finding Claimant's subjective complaints of pain not wholly credible. Def.'s Br. 7–8. The factors to which Claimant refers come from SSR 96-7P. *See* Pl.'s Br. 5 n. 1. That ruling reads:

> In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:
> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms . . . ; and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P. Again, it is Claimant's argument that the ALJ "did not affirmatively link any of the factors to specific evidence." Pl.'s Br. 4. The court considers each factor in turn.

The ALJ noted Claimant could "prepare meals, do laundry and simple housework, drive a car and shop in stores." Tr. 15. Claimant "watches football, goes fishing, plays games and watches television. He additionally visits friends, plays on the computer and talks on the phone.

Further the claimant testified he can mow the yard with a push mower for 15 to 20 minutes before taking a break." *Id.* It is apparent, then, that the ALJ noted Claimant's daily activities. *See id.* at 15, 16.

The ALJ noted Claimant experienced regular pain in his hip and back since the age of 18. *Id.* at 13, 15–17. The ALJ also discussed medical examinations where Claimant's experienced pain levels and thresholds were evaluated. *Id.* at 16. It is apparent, then, that the ALJ noted the location, duration, frequency, and intensity of Claimant's pain or other symptoms.

The ALJ noted Claimant sustained a severe back injury which results in lingering back and hip pain. *Id.* at 15. The pain limits Claimant from bending or stooping as he regularly could do. *Id.* Meaning, Claimant's range of motion is affected, impacting ability to stretch and alleviate pain and soreness. It is apparent, then, that the ALJ noted the factors that precipitate and aggravate the symptoms.

The ALJ noted that Claimant has only ever been treated conservatively when it comes to medication for pain. *Id.* Further, the ALJ noted that Claimant does not take that pain medication "unless he absolutely has to." *Id.* This averaged out to approximately "every other day or so . . . [i]f it gets to bothering [Claimant] real bad." *Id.* at 29. The medical records did not show that this treatment regimen was ineffective in managing Claimant's pain. It is apparent, then, that the ALJ examined the medication Claimant takes to alleviate pain. *Id.* at 15–17.

At the administrative hearing, Claimant did not report any treatment he was prescribed to handle pain other than medication. The only additional measure Claimant said he would take to alleviate pain, which the ALJ noted, was to sit down after approximately twenty minutes of working. *Id.* at 15. For example, Claimant testified he could mow the lawn with a push mower for twenty minutes before he would need to take a break. *Id.* It is apparent, then, that while the

7

ALJ did not discuss treatment aside from medication that Claimant receives, Claimant did not allege he was prescribed any such treatment. Additionally, the ALJ noted the other measures Claimant was taking to relieve pain, for example when the ALJ stated, "[C]laimant has not generally received the type of medical treatment one would expect for a totally disabled individual." *Id.*

Lastly, the ALJ noted that Claimant, "can drive and has not used a back brace or assistive device for years." *Id.* at 16. It is apparent, then, that the ALJ gave consideration to "other factors concerning the [claimant's] functional limitations and restrictions."

In sum, it is plain that Claimant's argument that the ALJ failed to apply SSR 96-7P's regulatory factors in his credibility analysis is without merit. The ALJ discussed the medical evidence to which he gave weight and why, and explained the weight he gave Claimant's testimony. *See* Tr. 14–17. The ALJ considered each of the required factors under SSR 96-7P. Substantial evidence supports both the ALJ's credibility determination, *see Chambliss*, 269 F.3d at 522, and the ALJ's RFC determination. *See Greenspan*, 38 F.3d at 240. Accordingly, his decision is conclusive and must be upheld. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

## V. CONCLUSION

For the foregoing reasons, it is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Claimant's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 30th day of June, 2015.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**